■ DAVID MOYAL, Individually and Derivatively on Behalf of GROUP IX, INC., Doing Business as DOTCOM HOTEL OF NY, Appellant, v GROUP IX, INC., Doing Business as DOT COM HOTEL OF NYC, et al., Respondents. [976 NYS2d 49]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 30, 2012, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary

judgment dismissing the fourth cause of action against the individual defendants, the seventh cause of action as against Telecom Switching, Inc., and the ninth cause of action against the individual defendants, unanimously modified, on the law, to deny the motion to the extent it sought dismissal of so much of the fourth cause of action as alleges breach of fiduciary duty against defendants Teeman and Sleppin based on the transactions between defendants Group IX, Inc. and Telecom Switching, and the seventh cause of action as against Telecom Switching, and otherwise affirmed, without costs.

Defendants failed to make a prima facie showing that the transactions between Group IX and Telecom Switching were fair. In their moving papers, they merely established that Telecom Switching paid Group IX a certain amount; one cannot tell from the evidence defendants initially submitted whether Telecom Switching received a "sweetheart" deal. Accordingly, regardless of the sufficiency of plaintiff's opposition papers, the court should not have dismissed so much of the fourth cause of action as alleges that Teeman (an officer of Group IX who also owns Telecom Switching) and Sleppin (who signed the Group IX-Telecom Switching contract on behalf of Group IX, and whose company is a customer of Telecom Switching) breached their fiduciary duty by engaging in the Group IX-Telecom Switching transactions (*Kramer v Danalis*, 92 AD3d 513 [1st Dept 2012]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The court properly granted summary judgment to Teeman, Sleppin, and Golomb (the individual defendants) dismissing so much of the fourth cause of action as alleges that they breached their fiduciary duty by usurping corporate opportunities for themselves at the expense of Group IX. Plaintiff broadly defines the corporate opportunity as Group IX's exploitation of a burgeoning market for voice over internet protocol (VoIP). However, Golomb's deposition testimony shows that Group IX was thinking of exploiting the corporate opportunity of providing Internet bandwidth to VoIP users. Even plaintiff's expert opined that colocation facilities such as Group IX should have considered providing "colocation services (space, [electric] power, network connectivity) to VoIP telecom companies." There is no evidence that the individual defendants usurped this corporate opportunity by providing Internet bandwidth or colocation services to VoIP users.

For the same reason, the court properly granted summary judgment to the individual defendants dismissing the ninth cause of action alleging breach of a noncompete agreement. Although the subject shareholders' agreement prohibits the indi-

vidual defendants from "[d]irectly or indirectly, engag[ing] in the telecom collocation business," there is no evidence that these defendants engaged in that business. Instead, the record shows that Teeman engaged in the switch partitioning business through Telecom Switching and the prepaid phone card business through nonparty Hispanic Distribution LLC. Sleppin (through nonparty Global Rock Networks Inc.) sells prepaid phone cards on a wholesale basis, and Golomb sells prepaid phone time through nonparty EZ Call Inc. and distributes prepaid phone cards through Hispanic Distribution.

The seventh cause of action alleging unjust enrichment should not have been dismissed as against Telecom Switching. There are triable issues of fact as to whether that defendant paid below-market rates for racks and cross-connects, and whether it used more than the 24 cross-connects for which it paid Group IX. Concur—Mazzarelli, J.P., Andrias, Freedman and Gische, JJ.